# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Ruby Elaine Pinnex, ) | |
| ) | |
| ) | Civil Action No.: 5:19-cv-00913-JMC |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| Alesandro P. Dinello; Flagstar Bank, ) | |
| FSB, ) | |
| ) | |
| ) | |
| Defendants. ) | |

This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 8), filed on April 10, 2019, recommending the dismissal of Ruby Elaine Pinnex's ("Plaintiff") Complaint (ECF No. 1), without service of process, for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(h)(3). For the reasons stated herein, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 8), incorporating it herein, and **DISMISSES** Plaintiff's Complaint (ECF No. 1) without prejudice and without issuance of service of process.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 8.) As a brief background, Plaintiff, proceeding *pro se*, filed her Complaint (ECF No. 1) against Alesandro P. Dinello and Flagstar Bank, FSB (collectively, "Defendants") on March 6, 2019, challenging her state mortgage foreclosure

action.[1] (ECF No. 1) Plaintiff alleges that Defendants, in handling the foreclosure, violated South Carolina common law by engaging in trespass, bad faith, and forgery. (*Id.* at 1–4.) Specifically, Plaintiff claims that Defendants, through a forged instrument, have been trespassing on her property since July 10, 2015, causing "harm and injury to [her] property[.]" (*Id.* at 2.) Plaintiff further alleges that she provided Defendants with "fair-warning" to "cease and desist immediately" the trespass of her property, or she would "file a claim in federal court, for the administrating [of her] property without any rights[.]" (*Id.*) To support her claims, Plaintiff attached, to her Complaint "seventy pages of exhibits, records from the state foreclosure action, portions of South Carolina's 1868 Constitution, and Amendments I and VI through X of the United States Constitution." (ECF No. 8 at 2.) Consequently, Plaintiff seeks six hundred fifty thousand dollars and zero cents ($650,000.00) to compensate "for the initial and continual trespass upon [her] property[.]" (ECF No. 1 at 2.)

The Magistrate Judge filed her Report on April 10, 2019. (ECF No. 8.) Within the Report, the Magistrate Judge declined to address the merits of Plaintiff's Complaint. (*Id.*) Rather, the Magistrate Judge recommends that the court, acting *sua sponte*, dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(h)(3). (*Id.*) The Magistrate Judge reasons that Plaintiff "failed to demonstrate complete diversity of citizenship[,]" failed to "plead a specific violation of a federal statute or constitutional provision by [D]efendants," and failed to demonstrate how "any type of federal question jurisdiction [is] otherwise evident from the fact of the pleading." (*Id.* at 5–6.) In addition to providing the court with her recommendation, the Magistrate Judge advised both

---

[1] Plaintiff has filed a "Demand to Cease And Desist from foreclosure proceedings administrated by Master in Equity Martin R. Banks held at Calhoun County COURT OF COMMON PLEAS[.]" (ECF No. 1-1 at 2.)

2

parties of their rights to file specific objections to the Report. (*Id.* at 8.) Neither Plaintiff nor Defendants have objected to the Report.

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with this court. *Id.* at 271. The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. *Diamond v. Colonial Life and Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond*, 416 F.3d at 315 (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of a Federal district court based upon such recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

## III. ANALYSIS

The parties were apprised of their opportunity to file specific objections to the Report on April 10, 2019. (ECF No. 8 at 8.) Objections to the Report were due by April 24, 2019. (*Id.*) Upon review of the record, neither Plaintiff nor Defendants have filed any objections to the

Report. In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report and must only discern whether the Report contains clear error. *See Camby*, 718 F.2d at 199; *Diamond*, 416 F.3d at 315. In the instant case, the court has carefully examined the findings of the Report and concludes that Plaintiff has failed to establish that this court has subject-matter jurisdiction over her claims. (*See* ECF No. 1.) Specifically, Plaintiff has failed to demonstrate "complete diversity of citizenship" (ECF No. 8 at 5) or how her claim arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. §§ 1331–1332. Because specific objections were not filed by either party and the Report does not contain clear error, the court adopts the Report herein. *See Camby*, 718 F.2d at 199; *Diamond*, 416 F.3d at 315.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law and does not contain clear error. Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 8), incorporating it herein, and **DISMISSES** Plaintiff's Complaint (ECF No. 1) without prejudice and without issuance of service of process.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

June 28, 2019
Columbia, South Carolina